IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**DARSHAWN WITHERSPOON,**

                       **Plaintiff,**

           v.                                  CASE NO. 12-3188-SAC

**WYANDOTTE COUNTY, et al.,**

                       **Defendants.**


**MEMORANDUM AND ORDER**

     This matter is a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, a person formerly incarcerated in Wyandotte County, Kansas, sues two officers at the Wyandotte County Detention Center, the Wyandotte County Court Clerk, and Wyandotte County. Plaintiff proceeds pro se, and the court grants his motion to proceed in forma pauperis (Doc. 2).

     The complaint and attachments assert claims that plaintiff was tased in 2007 by Wyandotte County deputies and that he was wrongfully incarcerated on warrants for trespassing and criminal threat on different occasions between 2007 and 2009 (Doc. 1, Attachment p.2). Also attached is an affidavit for application for warrant, dated March 12, 2009, in Wyandotte County, which describes an incident on March 11, 2009, in which plaintiff became disruptive in the jail, throwing his bunk and kicking his door, threatening a nurse, and threatening to kill certain jail officers upon his release. Finally, plaintiff attaches a series of municipal court notices and tickets issued to him, ranging in dates from October 16, 2006, to January 12, 2012.

**Screening**

     Because plaintiff is proceeding pro se and in forma pauperis, his

pleadings must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, despite his pro se status, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to state a cause of action, a complaint must "make clear exactly who is alleged to have done what to whom." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

In this case, plaintiff appears to restate essentially the same allegations he presented in an earlier filing, Case No. 11-3166-SAC, *Witherspoon v. Florez, et al.*, which was dismissed for failure to state a claim upon which relief may be granted. Such claims have been resolved against the plaintiff and may not be reasserted in a new action. Likewise, to the extent plaintiff submits recent municipal tickets, issued since the dismissal of his earlier action, he fails to offer any specific factual assertion or legal claim for relief sufficient to satisfy the *Twombly* standard. Accordingly, having carefully considered the record, the court concludes this matter must be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion for due process (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 6th day of November, 2012, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```